1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KENNETH ROGERS,                          No.  2:13-cv-1829 KJN P

12                    Plaintiff,

13          v.                                  ORDER AND ORDER TO SHOW CAUSE

14    GARY SWARTHOUT, Warden,

15                    Defendant.

16

17          Plaintiff, a state prisoner proceeding without counsel, has filed a civil rights action

18    pursuant to 42 U.S.C. § 1983.  Plaintiff seeks injunctive relief precluding prison officials from

19    transferring him to Pleasant Valley State Prison.

20    Plaintiff's Claims

21          Plaintiff claims that Pleasant Valley State Prison and Avenal State Prison are presently

22    infected with an "epidemic disease" known as "Valley Fever."  (ECF No. 1 at 1.)  Plaintiff claims

23    that inmates have contracted Valley Fever for over 10 years in these particular prisons, and that

24    numerous deaths from Valley Fever have been recorded.  Plaintiff claims that "there is a push to

25    transfer over 3000 inmates out of such prisons and replace those prisoners with prisoners

26    considered to be of a lower 'risk factor' to contract the disease."  (ECF No. 1 at 2.)  Plaintiff

27    argues that the criteria used to determine the risk factors are inconsistent, but that part of the

28    criteria used is age, ethnicity, and the inmate's medical history.

1

1        Plaintiff declares that he is a 55 year old inmate, and on August 1, 2013, at a nonmedical

2   classification review board hearing, plaintiff was told that he would be "transferred to Pleasant

3   Valley State Prison primarily due to his ethnicity. (Caucasian)." (ECF No. 1 at 2.) Plaintiff

4   states that he informed the board members that plaintiff had pulmonary issues from his past: (a)

5   years of exposure to chemicals, paint fumes and dust particles from over 20 years as an auto

6   body/painter and repairman; and (b) lung damage as a county fire fighter from smoke inhalation

7   events. Plaintiff claims he informed the board that he suffers from diminished lung capacity as a

8   result of these past factors. (ECF No. 1 at 2.) However, because plaintiff has only been

9   incarcerated for three years, his prison medical records do not reflect his past history. Plaintiff

10  states that prison medical staff have not examined or screened plaintiff for lung issues.

11       Plaintiff claims he had a "black out earlier in the month of August," but a follow-up exam

12  is not scheduled until September 17, 2013. Plaintiff's request to continue his board review

13  hearing until after the medical exam was denied. (ECF No. 1 at 3.) Based on the prison medical

14  records available to the board, the board approved plaintiff's transfer.

15       Following the hearing, plaintiff asked medical staff to perform a risk assessment;

16  plaintiff's primary doctor, Dr. Wenn, allegedly "stated he had no time to conduct such a test."

17  (ECF No. 1 at 3.) Plaintiff asked medical staff to assist him in obtaining past medical records, but

18  claims his request was refused and he was "instructed to ask his counselor to assist him." (Id.)

19       Plaintiff met with his counselor, and asked for his assistance in placing a hold on

20  plaintiff's transfer until medical records could be obtained, or in obtaining medical testing.

21  Plaintiff claims that his counselor attempted to have medical staff place a hold on plaintiff's

22  transfer, but the counselor was refused. (ECF No. 1 at 4.) In addition to plaintiff's written and

23  verbal requests for intervention, "plaintiff's family has tried to speak to the warden and other

24  CDCR representatives but were also ignored." (Id.) Plaintiff states that based on his history of

25  pulmonary deficiencies and damage, his health and well-being would be substantially

26  compromised and placed in jeopardy if he is transferred to a prison with a history of Valley Fever

27  infections. (ECF No. 1 at 5.) Plaintiff seeks a court order holding plaintiff's transfer, and

28  requiring prison officials to obtain plaintiff's prior pertinent medical records, and prison medical

2

1   staff to conduct a pulmonary risk assessment review and diagnostic exam to determine the health

2   risks plaintiff faces by the proposed transfer.

3   <u>Motion for Preliminary Injunctive Relief</u>

4        Plaintiff effectively seeks a temporary restraining order.[1]  The standards governing the

5   issuance of temporary restraining orders are "substantially identical" to those governing the

6   issuance of preliminary injunctions.  <u>Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy and Co.,</u>

7   <u>Inc.</u>, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  However, "[e]xcept in the most extraordinary of

8   circumstances, no temporary restraining order shall be granted in the absence of actual notice to

9   the affected party and/or counsel, by telephone or other means, or a sufficient showing of efforts

10   made to provide notice.  <u>See</u> Fed. R. Civ. P. 65(b)."  Local Rule 231(a).

11        A temporary restraining order is an extraordinary and temporary "fix" that the court may

12   issue without notice to the adverse party if, in an affidavit or verified complaint, the movant

13   "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant

14   before the adverse party can be heard in opposition."  <u>See</u> Fed. R. Civ. P. 65(b)(1)(A).  The

15   purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing. <u>See</u>

16   <u>generally</u>, Fed. R. Civ. P. 65; <u>see also</u> E.D. Cal. L.R. 231(a).

17        No preliminary injunctive relief should issue unless necessary to prevent threatened injury

18   that would impair the court's ability to grant effective relief in the pending action.  Fed. R. Civ. P.

19   65; <u>Sierra On–Line, Inc. v. Phoenix Software, Inc.</u>, 739 F.2d 1415, 1422 (9th Cir.1984); <u>Gon v.</u>

20   <u>First State Ins. Co.</u>, 871 F.2d 863 (9th Cir.1989). The principal purpose of preliminary injunctive

21   relief is to preserve the court's power to render a meaningful decision pursuant to a trial on the

22   merits.  <u>See</u> 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure,

23   § 2947 (2d ed. 2010).

24   ////

25   _____

26   [1]  A temporary restraining order is an extraordinary and temporary "fix" that the court may issue
     without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly
     show[s] that immediate and irreparable injury, loss, or damage will result to the movant before

27   the adverse party can be heard in opposition."  <u>See</u> Fed. R. Civ. P. 65(b)(1)(A).  The purpose of a
     temporary restraining order is to preserve the status quo pending a fuller hearing.  <u>See generally</u>,

28   Fed. R. Civ. P. 65; <u>see also</u> E.D. Cal. L.R. ("Local Rule") 231(a).

1   "The proper legal standard for preliminary injunctive relief requires a party to demonstrate

2   'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the

3   absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction

4   is in the public interest.'"   Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009),

5   quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).   "[S]erious questions

6   going to the merits and a balance of hardships that tips sharply towards the plaintiff can support

7   issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood

8   of irreparable injury and that the injunction is in the public interest."   Alliance for Wild Rockies

9   v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011) (internal quotation marks omitted).

10   In cases brought by prisoners involving conditions of confinement, any preliminary

11   injunction "must be narrowly drawn, extend no further than necessary to correct the harm the

12   court finds requires preliminary relief, and be the least intrusive means necessary to correct the

13   harm."   18 U.S.C. § 3626(a)(2).

14   Analysis

15   Plaintiff did not indicate the date of his proposed transfer, but CDCR records reflect that

16   he was still housed at California State Prison, Solano, on September 4, 2013.   The undersigned is

17   aware of certain restrictions concerning housing at prisons subject to incidents of Valley Fever,

18   but the precise parameters of those restrictions are not before the court.   Plaintiff's declaration

19   suggests that he has a medical history indicating that he may not be medically suitable for transfer

20   to Pleasant Valley State Prison.   Plaintiff's allegations are sufficiently serious that this court is

21   inclined to recommend that a temporary restraining order issue requiring prison officials to

22   preserve the status quo until the court can rule on plaintiff's claims.

23   The court is aware that defendant has not yet been served, but asks that plaintiff not be

24   transferred pending receipt of defendant's response, and the court's ruling on plaintiff's request,

25   in order to maintain the status quo, and requests that Supervising Deputy Attorney General

26   Monica Anderson inquire into plaintiff's allegations, and, within two days from the date of this

27   order, file a response to the instant order to show cause, including the projected date of plaintiff's

28   proposed transfer.

In accordance with the above, IT IS HEREBY ORDERED that:

1.   Defendant is ordered to show cause, within two days, why this court should not recommend that a temporary restraining order issue;

2.   Within two days from the date of this order, Supervising Deputy Attorney General Monica Anderson is requested to respond to the instant order to show cause, and take all steps necessary to maintain the status quo pending a ruling on plaintiff's claims; and

3.   The Clerk of the Court is directed to serve a copy of this order on Monica Anderson, Supervising Deputy Attorney General, and on the litigation coordinator at California State Prison, Solano County.

Dated:  September 5, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/roge1829.osc

5