UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ROGERS,<br><br>  Plaintiff,<br><br>  v.<br><br>GARY SWARTHOUT, Warden,<br><br>  Defendant. | No. 2:13-cv-1829 KJN P<br><br><br>ORDER AND ORDER TO SHOW CAUSE |

Plaintiff, a state prisoner proceeding without counsel, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff seeks injunctive relief precluding prison officials from transferring him to Pleasant Valley State Prison.

Plaintiff's Claims

Plaintiff claims that Pleasant Valley State Prison and Avenal State Prison are presently infected with an "epidemic disease" known as "Valley Fever." (ECF No. 1 at 1.) Plaintiff claims that inmates have contracted Valley Fever for over 10 years in these particular prisons, and that numerous deaths from Valley Fever have been recorded. Plaintiff claims that "there is a push to transfer over 3000 inmates out of such prisons and replace those prisoners with prisoners considered to be of a lower 'risk factor' to contract the disease." (ECF No. 1 at 2.) Plaintiff argues that the criteria used to determine the risk factors are inconsistent, but that part of the criteria used is age, ethnicity, and the inmate's medical history.

1    Plaintiff declares that he is a 55 year old inmate, and on August 1, 2013, at a nonmedical
2 classification review board hearing, plaintiff was told that he would be "transferred to Pleasant
3 Valley State Prison primarily due to his ethnicity. (Caucasian)." (ECF No. 1 at 2.) Plaintiff
4 states that he informed the board members that plaintiff had pulmonary issues from his past: (a)
5 years of exposure to chemicals, paint fumes and dust particles from over 20 years as an auto
6 body/painter and repairman; and (b) lung damage as a county fire fighter from smoke inhalation
7 events. Plaintiff claims he informed the board that he suffers from diminished lung capacity as a
8 result of these past factors. (ECF No. 1 at 2.) However, because plaintiff has only been
9 incarcerated for three years, his prison medical records do not reflect his past history. Plaintiff
10 states that prison medical staff have not examined or screened plaintiff for lung issues.

11    Plaintiff claims he had a "black out earlier in the month of August," but a follow-up exam
12 is not scheduled until September 17, 2013. Plaintiff's request to continue his board review
13 hearing until after the medical exam was denied. (ECF No. 1 at 3.) Based on the prison medical
14 records available to the board, the board approved plaintiff's transfer.

15    Following the hearing, plaintiff asked medical staff to perform a risk assessment;
16 plaintiff's primary doctor, Dr. Wenn, allegedly "stated he had no time to conduct such a test."
17 (ECF No. 1 at 3.) Plaintiff asked medical staff to assist him in obtaining past medical records, but
18 claims his request was refused and he was "instructed to ask his counselor to assist him." (Id.)
19    Plaintiff met with his counselor, and asked for his assistance in placing a hold on
20 plaintiff's transfer until medical records could be obtained, or in obtaining medical testing.
21 Plaintiff claims that his counselor attempted to have medical staff place a hold on plaintiff's
22 transfer, but the counselor was refused. (ECF No. 1 at 4.) In addition to plaintiff's written and
23 verbal requests for intervention, "plaintiff's family has tried to speak to the warden and other
24 CDCR representatives but were also ignored." (Id.) Plaintiff states that based on his history of
25 pulmonary deficiencies and damage, his health and well-being would be substantially
26 compromised and placed in jeopardy if he is transferred to a prison with a history of Valley Fever
27 infections. (ECF No. 1 at 5.) Plaintiff seeks a court order holding plaintiff's transfer, and
28 requiring prison officials to obtain plaintiff's prior pertinent medical records, and prison medical

1  staff to conduct a pulmonary risk assessment review and diagnostic exam to determine the health
2  risks plaintiff faces by the proposed transfer.

Motion for Preliminary Injunctive Relief

Plaintiff effectively seeks a temporary restraining order.[1] The standards governing the issuance of temporary restraining orders are "substantially identical" to those governing the issuance of preliminary injunctions. Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001). However, "[e]xcept in the most extraordinary of circumstances, no temporary restraining order shall be granted in the absence of actual notice to the affected party and/or counsel, by telephone or other means, or a sufficient showing of efforts made to provide notice. See Fed. R. Civ. P. 65(b)." Local Rule 231(a).

A temporary restraining order is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A). The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing. See generally, Fed. R. Civ. P. 65; see also E.D. Cal. L.R. 231(a).

No preliminary injunctive relief should issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in the pending action. Fed. R. Civ. P. 65; Sierra On–Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir.1984); Gon v. First State Ins. Co., 871 F.2d 863 (9th Cir.1989). The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision pursuant to a trial on the merits. See 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2947 (2d ed. 2010).

////

---

[1] A temporary restraining order is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A). The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing. See generally, Fed. R. Civ. P. 65; see also E.D. Cal. L.R. ("Local Rule") 231(a).

1    "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). "[S]erious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011) (internal quotation marks omitted).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Analysis

Plaintiff did not indicate the date of his proposed transfer, but CDCR records reflect that he was still housed at California State Prison, Solano, on September 4, 2013.  The undersigned is aware of certain restrictions concerning housing at prisons subject to incidents of Valley Fever, but the precise parameters of those restrictions are not before the court.  Plaintiff's declaration suggests that he has a medical history indicating that he may not be medically suitable for transfer to Pleasant Valley State Prison.  Plaintiff's allegations are sufficiently serious that this court is inclined to recommend that a temporary restraining order issue requiring prison officials to preserve the status quo until the court can rule on plaintiff's claims.

The court is aware that defendant has not yet been served, but asks that plaintiff not be transferred pending receipt of defendant's response, and the court's ruling on plaintiff's request, in order to maintain the status quo, and requests that Supervising Deputy Attorney General Monica Anderson inquire into plaintiff's allegations, and, within two days from the date of this order, file a response to the instant order to show cause, including the projected date of plaintiff's proposed transfer.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendant is ordered to show cause, within two days, why this court should not recommend that a temporary restraining order issue;

2. Within two days from the date of this order, Supervising Deputy Attorney General Monica Anderson is requested to respond to the instant order to show cause, and take all steps necessary to maintain the status quo pending a ruling on plaintiff's claims; and

3. The Clerk of the Court is directed to serve a copy of this order on Monica Anderson, Supervising Deputy Attorney General, and on the litigation coordinator at California State Prison, Solano County.

Dated: September 5, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/roge1829.osc